IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| EARLANDO SAMUEL, | : |
| Plaintiff, | : |
| v. | : Civ. No. 20-337-CFC |
| ROBERT RIZZO, et al., | : |
| Defendants. | : |

Earlando Samuel, Glen Mills, Pennsylvania, Pro Se Plaintiff.

**MEMORANDUM OPINION**

December 21, 2020
Wilmington, Delaware

CONNOLLY, U.S. District Judge:

## I. INTRODUCTION

Plaintiff Earlando Samuel Lewis proceeds *pro se* and has been granted leave to proceed *in forma pauperis*. This action was commenced on February 25, 2020 in the United States District Court for the Eastern District of Pennsylvania and transferred to this Court on March 9, 2020. (D.I. 1, 4, 5) Plaintiff invokes the jurisdiction of this Court by reason of a federal question and diversity of the parties. (D.I. 2 at 2) The Court proceeds to review and screen the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).

## II. BACKGROUND

For purposes of this review and screening, the Court accepts as true the allegations in Plaintiff's Complaint. Plaintiff states that he is "a 68 year old disabled black male with 'invisible disabilities.'" (D.I. 1 at 5) The Complaint contains a chronology of events beginning in 2013 and continuing through November 30, 2019, all related to housing Plaintiff obtained with the assistance of Defendant New Castle County Housing Authority. (*Id.* at 5-12) The Complaint alleges numerous violations of state and local government housing laws and regulations all of which resulted in making Plaintiff's "life so miserable and so stressful" that he sought medical attention." (*Id.* at 12) Plaintiff alleges that Defendants retaliated against him because he complained about unsafe conditions and exposed wrongdoing. (*Id.*) He alleges Defendants substantially interfered in the enjoyment of his apartment, and they engaged in a course of conduct that was threatening, intimidating, alarming, and placed him in fear for his safety leaving him "no choice but to move out." (*Id.*)

1

Plaintiff alleges conspiracy in violation of 18 U.S.C. § 241; prohibited interference, coercion or intimidation in violation of 24 C.F.R. § 100.400 and 42 U.S.C. § 3617 under the Fair Housing Act; and disability discrimination in violation of 42 U.S.C. §§ 12101, *et seq.* He seeks compensatory and punitive damages.

### III.  LEGAL STANDARDS

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013). *See* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94 (citations omitted).

A complaint is not automatically frivolous because it fails to state a claim. *See Dooley v. Wetzel*, 957 F.3d. 366, 374 (3d Cir. 2020) (quoting *Neitzke v. Williams*, 490 U.S. 319, 331 (1989)); *see also Grayson v. Mayview State Hosp.*, 293 F.3d 103, 112 (3d Cir. 2002). "Rather, a claim is frivolous only where it depends 'on an "indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario.'" *Dooley v. Wetzel*, 957 F.3d at 374 (quoting *Mitchell v. Horn*, 318 F.3d 523, 530 (2003) and *Neitzke*, 490 U.S. at 327-28).

2

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. § 1915, the Court must grant Plaintiff leave to amend the complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d at 114.

A complaint may be dismissed only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). Though "detailed factual allegations" are not required, a complaint must do more than simply provide "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (internal quotation marks omitted). In addition, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *See Williams v. BASF Catalysts LLC*, 765 F.3d 306, 315 (3d Cir. 2014) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) and *Twombly*, 550 U.S. at 570). Finally, a plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, 574 U.S. 10 (2014). A complaint may not be dismissed for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 10.

A court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that,

because they are no more than conclusions, are not entitled to the assumption of truth; and (3) assume the veracity of any well-pleaded factual allegations and then determine whether those allegations plausibly give rise to an entitlement to relief. *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (internal citations and quotations omitted). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## IV. DISCUSSION

### A. Statute of Limitations

Plaintiff alleges violations of the Americans with Disability Act (ADA)[1] and the Fair

---

[1] Plaintiff does not indicate under which section of the ADA he proceeds; Title II, *see* 42 U.S.C. § 12132 ("[n]o qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity") or Title III, *see* 42 U.S.C. § 12182 ("[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation"). He names several individual defendants, but there is no individual liability under the ADA. *See Emerson v. Thiel Coll.*, 296 F.3d 184, 189 (3d Cir. 2002) (extending a finding that there is no individual liability under Titles I and II of the ADA to Title III because the ADA "addresses its rules to employers, places of public accommodation, and other organizations, not to the employees or managers of these organizations."). While not clear, it seems Plaintiff attempts to raise a disability claim when his right to have a live-in aid was terminated and his claims of disability were questioned from November 9, 2015 through January 8, 2016. (*Id.* at 6-7) The Court discerns nothing else in the Complaint that speaks to a possible ADA or Fair Housing Act disability claim. The claims will be dismissed as time-barred.

Housing Act.[2] The statute of limitations for both Acts is two years. *See e.g., Katz v. National Bd. of Med. Examiners*, 751 F. App'x 231, 235 (3d Cir. 2018) (ADA claims brought under Title II or III are subject state's statute of limitation on personal injury actions);[3] *Wilson v. Hillsborough Twp.*, 2018 WL 6322323, at *4) (D.N.J. Dec. 4, 2018) ("The Fair Housing Act's statute of limitations provision states that an action must be filed in the appropriate federal or state court 'not later than 2 years after the occurrence or the termination of an alleged discriminatory housing practice.'" (quoting 42 U.S.C. § 3613(a)(1)(A)).

The statute of limitations is an affirmative defense that generally must be raised by the defendant, and it is waived if not properly raised. *See Benak ex rel. Alliance Premier Growth Fund v. Alliance Capital Mgmt. L.P.*, 435 F.3d 396, 400 n.14 (3d Cir. 2006); *Fassett v. Delta Kappa Epsilon*, 807 F.2d 1150, 1167 (3d Cir. 1986). "Although the statute of limitations is an affirmative defense, *sua sponte* dismissal is appropriate when 'the defense is obvious from the face of the complaint and no further factual record is required to be developed.'" *Davis v. Gauby*, 408 F. App'x 524, 526 (3d Cir. 2010) (quoting *Fogle v. Pierson*, 435 F.3d 1252, 1258 (10th Cir. 2006)).

Plaintiff's claims based on events that occurred prior to February 25, 2018, are barred by the applicable two-year limitation period. Accordingly, they will be dismissed.

---

[2] It is unlawful" to discriminate in housing on the basis of disability under the Fair Housing Act. *Community Servs., Inc. v Wind Gap Mun. Auth.*, 421 F.3d 170, 176 (3d Cir. 2005) (citing 42 U.S.C. § 3604 (f)(2)).
[3] In Delaware, that period is two years. *See* 10 Del. C. § 8119.

### B. Criminal Statutes

Plaintiff alleges that Defendants violated 18 U.S.C. 241, a federal criminal statute. To the extent that Plaintiff seeks to impose criminal liability upon Defendants pursuant to the criminal statute upon which he relies, he lacks standing to proceed. *See Allen v. Administrative Office of Pennsylvania Courts*, 270 F. App'x 149, 150 (3d Cir. 2008); *see United States v. Friedland*, 83 F.3d 1531, 1539 (3d Cir. 1996) ("[T]he United States Attorney is responsible for the prosecution of all criminal cases within his or her district."). The decision of whether to prosecute, and what criminal charges to bring, rests with the prosecutor. *See United States v. Batchelder*, 442 U.S. 114, 124 (1979). Accordingly, any claims that rest upon the federal criminal statute invoked by Plaintiff will be dismissed as frivolous pursuant to pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

### C. Fair Housing Act

Liberally construing Plaintiff's claims as the Court must, he appears to adequately allege a claim for retaliation or interference under 42 U.S.C. § 3617, which states that it is "unlawful to coerce, intimidate, threaten, or interfere with any person in the exercise or enjoyment of, or on account of his having exercised or enjoyed ... any right granted or protected by section. . . 3604 . . . of this title." Regulations provide that "[i]t shall be unlawful to coerce, intimidate, threaten, or interfere with any person in the exercise or enjoyment of, or on account of that person having exercised or enjoyed, or on account of that person having aided or encouraged any other person in the exercise or enjoyment of, any right granted or protected by this part" and they prohibit

retaliation "against any person because that person has made a complaint, testified, assisted, or participated in any manner in a proceeding under the Fair Housing Act." 24 C.F.R. § 100.400(b) and (c)(5).

Interference under Section 3617 may consist of harassment, provided that it is "sufficiently severe or pervasive" as to create a hostile environment. *See Revock v. Cowpet Bay West Condo. Ass'n*, 853 F.3d 96, 113 (3d Cir. 2017) (citations omitted). Liberally construing the *pro se* allegations, Plaintiff has adequately alleged harassment or retaliation by Defendants Sharonda Spencer, Robert Rizzo, New Castle County Housing Authority, Naomi Scott, Matthew Alexander, Fairville Management Company, and Greenlawn Apartment. (*See* D.I. 1 at ¶¶ 35-50). Plaintiff will be allowed to proceed against the foregoing Defendants on this claim. All other Defendants and claims will be dismissed.

### D.   Request for Counsel

Plaintiff requests counsel on the grounds that he is unable to afford an attorney, his mental and physical impairments greatly limit his ability to litigate, the issues are complex and require the competence of a civil rights attorney, trial will involve conflicting testimony and counsel would better enable Plaintiff to present evidence and cross examine witnesses, and he has made diligent efforts to retain counsel. (D.I. 7)

A *pro se* litigant proceeding *in forma pauperis* has no constitutional or statutory right to representation by counsel.[4] *See Brightwell v. Lehman*, 637 F.3d 187, 192 (3d

---

[4] *See Mallard v. United States Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296 (1989) (§ 1915(d) (now § 1915(e)(1)) does not authorize a federal court to require an unwilling attorney to represent an indigent civil litigant, the operative word in the statute being "request.").

7

Cir. 2011); *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993). However, representation by counsel may be appropriate under certain circumstances, after a finding that a plaintiff's claim has arguable merit in fact and law. *Tabron*, 6 F.3d at 155.

After passing this threshold inquiry, the Court should consider a number of factors when assessing a request for counsel. Factors to be considered by a court in deciding whether to request a lawyer to represent an indigent plaintiff include: (1) the merits of the plaintiff's claim; (2) the plaintiff's ability to present his or her case considering his or her education, literacy, experience, and the restraints placed upon him or her by incarceration; (3) the complexity of the legal issues; (4) the degree to which factual investigation is required and the plaintiff's ability to pursue such investigation; (5) the plaintiff's capacity to retain counsel on his or her own behalf; and (6) the degree to which the case turns on credibility determinations or expert testimony. *See Montgomery v. Pinchak*, 294 F.3d 492, 498-99 (3d Cir. 2002); *Tabron*, 6 F.3d at 155-56. The list is not exhaustive, nor is any one factor determinative. *Tabron*, 6 F.3d at 157.

Several of the *Tabron* factors militate against granting Plaintiff's request for counsel at this time. Plaintiff's Complaint indicates he understands the facts and the law. Also, this case is in its early stages and service has not taken place. Accordingly, at this time, the motion will be denied without prejudice to renew.

## V. CONCLUSION

For the above reasons, the Court will: (1) deny without prejudice to renew Plaintiff's request for counsel (D.I. 7); (2) allow Plaintiff to proceed on his § 3617 Fair Housing Act claims against Defendants Sharonda Spencer, Robert Rizzo, New Castle

County Housing Authority, Naomi Scott, Matthew Alexander, Fairville Management Company, and Greenlawn Apartments, LLC; and (3) dismiss all other remaining claims and Defendants.

    An appropriate order will be entered.