IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| EARLANDO SAMUEL, | : |
| Plaintiff, | : |
| v. | : Civil Action No. 20-337-CFC |
| ROBERT RIZZO, et al., | : |
| Defendants. | : |

### MEMORANDUM

1. **Introduction.** Plaintiff Earlando Samuel proceeds *pro se* and has been granted leave to proceed *in forma pauperis*. This action was commenced on February 25, 2020 in the United States District Court for the Eastern District of Pennsylvania and transferred to this Court on March 9, 2020. (D.I. 1, 4, 5) Plaintiff invokes the jurisdiction of this Court by reason of a federal question and diversity of the parties. (D.I. 2 at 2) Before the Court are Plaintiff's motions to amend, request for counsel, and motion to withdraw motion to amend. (D.I. 19, 31, 33, 34)

2. **Motions to Amend.** On March 26, 2021, Plaintiff filed an amended complaint construed as a motion for leave to amend. (D.I. 19) On May 27, 2021, Plaintiff filed a second motion for leave to amend and, on February 1, 2022, he filed a motion to withdraw the May 27, 2021 motion to amend. (D.I. 31, 34) The Court will grant the motion to withdraw the May 27, 2021 motion to amend.

3. The March 26, 2021 motion to amend (D.I. 19) will be denied for two reasons. First, the pleading does not comply with Local Rule 15.1 which provides that a party who moves to amend a pleading shall attach to the motion: (1) the proposed pleading as amended, complete with a handwritten or electronic signature; and (2) a

1

form of the amended pleading which indicates in what respect it differs from the pleading which it amends, by bracketing or striking through materials to be deleted and underlining materials to be added.

4. Second, the proposed amended complaint violates Federal Civil of Procedure 20, as it seeks to add new defendants on claims that are unrelated to the original claims. The new claims arise in a different state (Pennsylvania not Delaware) and occurred in a different time-frame, including after the filing of the initial complaint. Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that courts "should freely give leave [to amend] when justice so requires." However, "undue delay, bad faith, dilatory motive, prejudice, [or] futility" "justify a denial of leave to amend." *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000). Here, it would be futile to permit amendment because the proposed claims would not satisfy the joinder requirements of Fed. R. Civ. P. 20. *See McKinney v. Prosecutor's Office*, 2014 WL 2574414, at *15 (D.N.J. June 4, 2014).

5. **Request for Counsel.** Plaintiff requests counsel on the grounds that he is unable to afford an attorney, he takes medication to treat confusion related to Alzheimer's disease, physical impairments greatly limit his ability to litigate, the issues are complex, a trial will likely involve conflicting testimony, counsel would better enable Plaintiff present evidence and cross-examine witnesses, and he has unsuccessfully sought to retain counsel. (D.I. 33 at 1-2)

6. A *pro se* litigant proceeding *in forma pauperis* has no constitutional or statutory right to representation by counsel.[1] *See Brightwell v. Lehman*, 637 F.3d 187,

---

[1] *See Mallard v. United States Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296 (1989)

2

192 (3d Cir. 2011); *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993). However, representation by counsel may be appropriate under certain circumstances, after a finding that a plaintiff's claim has arguable merit in fact and law. *Tabron*, 6 F.3d at 155.

7.  If the claims pass this threshold inquiry, the court should consider: (1) the merits of the plaintiff's claim; (2) the plaintiff's ability to present his or her case considering his or her education, literacy, experience, and the restraints placed upon him or her by incarceration; (3) the complexity of the legal issues; (4) the degree to which factual investigation is required and the plaintiff's ability to pursue such investigation; (5) the plaintiff's capacity to retain counsel on his or her own behalf; and (6) the degree to which the case turns on credibility determinations or expert testimony. *See Montgomery v. Pinchak*, 294 F.3d 492, 498-99 (3d Cir. 2002); *Tabron*, 6 F.3d at 155-56. This list is not exhaustive, nor is any one factor determinative. *Tabron*, 6 F.3d at 157.

8.  Several of these factors militate against granting Plaintiff's request for counsel at this time. To date Plaintiff has ably represented himself. In addition, the issues are not complex. Finally, it is clear from his pleadings that Plaintiff understands the issues he raises and adequately addresses those issues. Accordingly, the Court will deny the request for counsel without prejudice to renew.

9.  **Conclusion**. Based upon the above discussion, the Court will: (1) deny the March 26, 2021 motion to amend (D.I. 19); (2) deny as withdrawn the May 27, 2021 motion to amend (D.I. 31); (3) deny the without prejudice to renew Plaintiff's second

---

"request.").

3

request for counsel (D.I. 33); and (4) grant the motion to withdraw the May 27, 2021 motion to amend (D.I.34).   A separate order shall issue.

                                                _____
                                                                             Chief Judge

March 7, 2022
Wilmington, Delaware