IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| EARLANDO SAMUEL, | : |
| Plaintiff, | : |
| v. | : Civ. No. 20-337-GBW |
| ROBERT RIZZO, et al., | : |
| Defendants. | : |

Earlando Samuel, Glen Mills, Pennsylvania, Pro Se Plaintiff.

Mengtin Chen, Esquire and Mary A. Jacobson, Esquire, New Castle County Law Department, New Castle, Delaware. Counsel for Defendants Robert Rizzo, New Castle County Housing Authority, Matthew Alexander, and Sharonda Spencer.

Krista M. Reale, Esquire, Margolis Edelstein, Wilmington, Delaware. Counsel for Fairville Management Company LLC.

William R. Adams, Esquire, Dickie McCamey & Chilcote, P.C., Wilmington, Delaware. Counsel for Greenlawn Apartments, LLC and Naomi Scott.

**<u>MEMORANDUM OPINION</u>**

March 27, 2023
Wilmington, Delaware

**WILLIAMS, U.S. District Judge:**

## I. INTRODUCTION

Plaintiff Earlando Samuel Lewis proceeds *pro se* and has been granted leave to proceed *in forma pauperis*. This action was commenced on February 25, 2020 in the United States District Court for the Eastern District of Pennsylvania and transferred to this Court on March 9, 2020. (D.I. 1, 4, 5). Before the Court are a motion to dismiss and motions for judgment on the pleadings filed by Defendants (D.I. 40, 46, 49), and a motion for judgment on the pleadings filed by Plaintiff (D.I. 43).[1]

## II. BACKGROUND

On December 21, 2020, the Court screened the Complaint pursuant to 28 U.S.C. § 1915. (D.I. 8). The Court dismissed as barred by the two-year statute of limitations all claims based on events that occurred prior to February 25, 2018. (D.I. 8 at 6). The Court allowed Plaintiff's harassment and retaliation claims under the Fair Housing Act to proceed against Defendants New Castle County Housing Authority ("NCCHA"); NCCHA employee Sharonda Spencer, Robert Rizzo, and

---

[1] The Defendants have filed responses to Plaintiff's motion for judgment on the pleadings. (D.I. 45, 47, 48). Plaintiff has not filed responses to the motion to dismiss or the two motions for judgment on the pleadings, and the time to do so has long since passed. He did file a motion for an extension of time to respond to the motion to dismiss (D.I. 43), which is still pending, but he never filed a response. Because he never filed a response, and because a response would be futile, the motion for an extension will be denied as moot.

1

Matthew Alexander; Greenlawn Apartments and Greenlawn employee Naomi Scott; and Fairville Management Company. (*Id.* at 8). All other Defendants and claims were dismissed. (*Id.*).

From 2013 through November 2019, Plaintiff rented an apartment at Greenlawn Apartments in Middleton, Delaware, which was managed by Fairville Management Company from September 2016 through August 2018. (D.I. 1 at ¶¶ 6-7, 49; D.I. 48-1 at 2). The apartment was rented with the assistance of NCCHA, via the federal Section 8 Program. (D.I. 1 at ¶¶ 2-7).

In support of his claims for harassment and retaliation, Plaintiff alleges that the NCCHA Defendants asked him in April 2018 for full copies of his bank statements and threatened termination proceedings if he did not comply (*id.* at ¶ 35); raised his rent by 37% when he failed to comply (*id.* at ¶ 36); scheduled an annual inspection of the apartment for May 24, 2018, which should have been conducted in February 2018 (*id.* at ¶ 37); passed the inspection despite "obvious deficiencies" with the apartment (*id.*); and scheduled his next annual inspection for November 2019, rather than February 2019 (*id.* at ¶¶ 42, 44).

He alleges that the Greenlawn Defendants requested a copy of his renters' insurance information in June 2018, following a water damage incident (*id.* at ¶ 38); performed a "cheap fix" of the defective water heater that caused the water damage, rather than replacing it, resulting in "a very unsafe unit that made noises"

2

(*id.* at ¶ 39); in November 2018, let a maintenance person into his apartment to replace a gas heater's filter while he was not home (*id.* at ¶ 41); in July 2019, let an exterminator into his apartment for an appointment after the exterminator arrived late and Plaintiff had left for the store (*id.* at ¶ 45); and, in August 2019, while Plaintiff was home, let the same maintenance worker and other service people in for a scheduled visit to service fire extinguishers (*id.* at ¶ 46).

Finally, Plaintiff alleges that Fairville Management Company was also responsible for the June 2018 letter requesting his renters' insurance information and the "cheap fix" to the water heater. (*Id.* at ¶¶ 38-39).

Plaintiff claims that these actions by Defendants amounted to retaliation against him because he complained about unsafe conditions and exposed wrongdoing. (*Id.* at ¶ 48.) He further claims that Defendants substantially interfered in the enjoyment of his apartment, and they engaged in a course of conduct that was threatening, intimidating, alarming, and placed him in fear for his safety leaving him "no choice but to move out." (*Id.*). He asserts that these actions were violations of 24 C.F.R. § 100.400 and 42 U.S.C. § 3617 of the Fair Housing Act. He seeks compensatory and punitive damages.

## III. LEGAL STANDARDS

### A.   Rule 12(b)(6)

In reviewing a motion to dismiss filed under Fed. R. Civ. P. 12(b)(6), the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to Plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94.

A Rule 12(b)(6) motion may be granted only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the complainant, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). "Though 'detailed factual allegations' are not required, a complaint must do more than simply provide 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (quoting *Twombly*, 550 U.S. at 555). The Court is "not required to credit bald assertions or legal conclusions improperly alleged in the complaint." *In re Rockefeller Ctr. Props., Inc. Sec. Litig.*, 311 F.3d 198, 216 (3d Cir. 2002). A complaint may not be dismissed, however, "for imperfect statement of the legal

theory supporting the claim asserted." *Johnson v. City of Shelby*, 574 U.S. 10, 11 (2014).

A complainant must plead facts sufficient to show that a claim has "substantive plausibility." *Id.* at 12. That plausibility must be found on the face of the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the [complainant] pleads factual content that allows the court to draw the reasonable inference that the [accused] is liable for the misconduct alleged." *Id.* Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

**B.    Rule 12(c)**

A party may move for judgment on the pleadings, "[a]fter the pleadings are closed[,] but early enough not to delay trial." Fed. R. Civ. P. 12(c). "Judgment on the pleadings shall only be granted if the moving party clearly establishes that there are no material issues of fact and that the moving party is entitled to judgment as a matter of law." *Alea London Ltd. v. Woodlake Mgmt.*, 594 F. Supp. 2d 547, 550 (E.D. Pa. 2009), aff'd, 365 F. App'x 427 (3d Cir. Feb. 17, 2010) (citing *Sikirica v. Nationwide Ins. Co.*, 416 F.3d 214, 220 (3d Cir. 2005)). "In reviewing a [Rule] 12(c) motion, the court must view the facts in the pleadings and the inferences drawn therefrom in the light most favorable to the non-moving party." *Allstate Ins.*

*Co. v. Hopfer*, 672 F. Supp. 2d 682, 685 (E.D. Pa. 2009). Courts utilize the same standards for motions for judgments on the pleadings pursuant to Rule 12(c) as they do for a motion to dismiss pursuant to Rule 12(b)(6). *See Spruill v. Gillis*, 372 F.3d 218, 223 n.2 (3d Cir. 2004) ("There is no material difference in the applicable legal standards.").

## IV. DISCUSSION

Although Plaintiff was allowed to proceed on his harassment and retaliation claims under the Fair Housing Act following screening (D.I. 8), the Court now has the benefit of adversarial briefing, and now concludes that the facts alleged in the Complaint fail to state an actionable claim against any Defendant.

Section 3617 of the Fair Housing Act state that it is "unlawful to coerce, intimidate, threaten, or interfere with any person in the exercise or enjoyment of, or on account of his having exercised or enjoyed . . . any right granted or protected by section. . . 3604 . . . of this title." 42 U.S.C. § 3617. Regulations provide that "[i]t shall be unlawful to coerce, intimidate, threaten, or interfere with any person in the exercise or enjoyment of, or on account of that person having exercised or enjoyed, or on account of that person having aided or encouraged any other person in the exercise or enjoyment of, any right granted or protected by this part" and they prohibit retaliation "against any person because that person has made a complaint,

testified, assisted, or participated in any manner in a proceeding under the Fair Housing Act." 24 C.F.R. § 100.400(b) and (c)(5).

Interference under § 3617 may consist of harassment, provided that the interference is "sufficiently severe or pervasive" as to create a hostile environment. *See Revock v. Cowpet Bay West Condo. Ass'n*, 853 F.3d 96, 113 (3d Cir. 2017) (citations omitted). The elements of a § 3617 retaliation claim are "(1) [the plaintiff] engaged in a protected activity; (2) the defendant subjected [him] to an adverse action; and (3) a causal link exists between the protected activity and the adverse action." *Lloyd v. Presby's Inspired Life*, 251 F. Supp. 3d 891, 904 (E.D. Pa. 2017) (internal citations omitted); *see also Walker v. City of Lakewood*, 272 F.3d 1114, 1128 (9th Cir. 2001).

Plaintiff's factual allegations, read in context of the regular regulatory framework, simply do not meet these standards. The Court will address the allegations against each set of Defendants in turn.

First, Plaintiff's allegations surrounding NCCHA's demands for full copies of his bank statements do not amount to any cognizable violation. As carefully outlined by the NCCHA Defendants in their brief, as a Public Housing Agency working in the Section 8 Program, NHCCA was well within its rights, and obligations, to request these documents, and Plaintiff was required to provide them. (*See* D.I. 41 at 20-23). Similarly then, his retaliation claim based on the

7

increase in his rent is not cognizable because failing to provide the requested documents is not a protected activity. *See Lloyd*, 251 F. Supp. 3d at 904. Furthermore, his claims arising from the NCCHA Defendants' alleged failure to conduct "annual" inspections fails because, by regulation, NCCHA was only required to conduct biennial inspections. *See* 24 C.F.R. § 982.405(a). Inspections in January 2017 and May 2018, and scheduled for November 2019, were well within the biennial requirement. Finally, as to NCCHA passing the apartment following inspections, despite "obvious deficiencies," Plaintiff is essentially arguing violations of the Housing Quality Standards ("HQS"), *see* 24 C.F.R. § 982.401, but the Third Circuit has held that a plaintiff does not have "a private right to housing of a particular condition" or a private cause of action to enforce the HQS. *Henry v. City of Erie*, 728 F.3d 275, 281 (3d Cir. 2013) (internal citations omitted). Even assuming, *arguendo*, that Plaintiff can bring this claim under § 3617 as a retaliation claim, Plaintiff alleges that the same deficiencies existed when NCCHA passed the apartment following a 2014 inspection, so Plaintiff has failed to establish a causal link between his complaints and the passing inspections. For these reasons, the claims against the NCCHA Defendants will be dismissed.

Turing to the allegations against the Greenlawn Defendants and Fairville Management Company, which overlap, the Complaint falls short. His allegations

regarding the "cheap fix" to his water heater appears to be another attempt to enforce the HQS, and therefore is not cognizable. *See Henry*, 728 F.3d at 281. Furthermore, requesting renters' insurance information following a water damage incident is not only a reasonable action on its face, but Plaintiff additionally alleges that Defendants also requested renters' insurance information from a neighbor whose apartment was also damaged by the water, thus eviscerating any claim that he was singled out by way of retaliation. (D.I. 1 at ¶ 38). Finally, the three instances of service providers entering, or being let into, Plaintiff's apartment for previously scheduled appointments, although perhaps inappropriate or even legally questionable under state law, does not rise to the level of a § 3617 violation. *Cf. Revock*, 853 F.3d at 114 (holding that a neighbor posting at least nine "derogatory, harassing and, at times, threatening" comments on a public blog over a period of more than five months directed at the owners of emotional-support dogs could support an interference claim or a retaliation claim under § 3617); *Bloch v. Frischholz*, 587 F.3d 771, 782-83 (7th Cir. 2009) (holding that repeatedly ripping down mezuzot (plural for mezuzah) from the doorposts of Jewish tenants for over a year was actionable under § 3617 as an interference claim). Accordingly, the claims against the Greenlawn Defendants and Fairview Management Company will be dismissed as well.

## V.   CONCLUSION

For the above reasons, the Court will: (1) grant the NCCHA Defendants' motion to dismiss (D.I. 40); (2) grant the Greenlawn Defendants' motion for judgment on the pleadings (D.I. 46); (3) grant Fairville Management Company's motion for judgment on the pleadings (D.I. 49); (4) deny as moot Plaintiff's motion for extension (D.I. 42); (5) deny Plaintiff's motion for judgment on the pleadings (D.I. 43); (6) deny as moot the NCCHA Defendants' motion to strike Plaintiff's motion for judgment on the pleadings (D.I. 47); and (7) direct the Clerk of Court to close the case.

An appropriate order will be entered.